UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRINA COLE, LATASHA BILLINGSLEY, TIMOTHY HARRIS, LETICIA COLE-THIGPEN, TERRANCE COLE, and SHERITTA COLE, | ) ) ) ) ) ) | Case No. 14-cv-0019 |
| Plaintiffs, | ) ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | |
| VILLAGE OF RIVERDALE, RIVERDALE POLICE OFFICERS KOZELUH (Star # 143) and JOHNSON (Star # 144), | ) ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Trina Cole, Latasha Billingsley, Leticia Cole-Thigpen, Terrance Cole, and Sheritta Cole brought this action against the Village of Riverdale and Riverdale police officers Kozeluh (Star #143) and Johnson (Star # 144), alleging that Officer Kozeluh used excessive force against Latasha Billingsley, Sharitta Cole, and Trina Cole (Count I), that both officers falsely arrested Leticia Cole-Thigpen, Latasha Billingsley, Terrance Cole, and Trina Cole (Count II), that Officer Johnson failed to intervene and prevent the excessive force used against Latasha Billingsley, Sharitta Cole, and Trina Cole (Count III), and that both officers maliciously prosecuted Leticia Cole-Thigpen, Latasha Billingsley, Trina Cole, and Terrance Cole (Count IV). The complaint additionally sets forth a state law indemnity claim and a claim for respondeat superior liability against the Village of Riverdale. The defendants now move for partial summary judgment on Counts II and IV. For the reasons set forth below, that motion is granted in part and denied in part.

**Background**

The following facts are undisputed except where otherwise noted. On January 7, 2012, Latasha Billingsley was moving out of the home that she shared with Leticia Cole-Thigpen.

1

(Dkt. 112, ¶¶ 1–3). Trina Cole, Timothy Harris, Terrance Cole, and Sheritta Cole were present to assist Latasha Billingsley. (*Id.* ¶ 3). A verbal dispute arose between Latasha Billingsley and Leticia Cole-Thigpen. (*Id.* ¶ 4). The argument escalated, and while the other plaintiffs were gathered in the living room Latasha Billingsley entered the room brandishing a knife. (*Id.* ¶ 9). Latasha Billingsley was subsequently restrained and the knife removed from her possession. (*Id.* ¶ 10). Leticia Cole-Thigpen called the police and stated that she wanted Latasha Billingsley removed from her home because she was "disrespecting her" and that she had "pulled a knife on her." (*Id.* ¶ 11). Officers Kozeluh and Johnson were dispatched to the house and informed that someone had a knife. (*Id.* ¶ 12). Officer Kozeluh arrived on the scene, parked his vehicle in the middle of the street, and entered the house. (*Id.* ¶ 13). The defendants assert that Leticia Cole-Thigpen and Latasha Billingsley were engaged in an argument in the kitchen, which Officer Kozeluh attempted to break up. (*Id.* ¶¶ 16–18). Officer Kozeluh subsequently observed an incident in which Leticia Cole-Thigpen grabbed a bag out of Latasha Billingley's hand, threw it on the ground, and stomped on it. (*Id.* ¶ 18). In response to the continued escalation of the situation, the officers placed Leticia Cole-Thigpen and Latasha Billingsley under arrest. (*Id.* ¶ 21). The parties substantially dispute what happened next, but it is undisputed that Officer Kozeluh escorted Latasha Billingsley outside to place her in a vehicle and that the majority of the plaintiffs followed him outside. (¶¶ 22-26). It is disputed whether the plaintiffs were crowding around Officer Kozeluh or physically interfering with his efforts to place Latasha Billingsley in his vehicle, although it is undisputed that Timothy Harris plead guilty to criminal battery against Officer Kozeluh. (*Id.* ¶ 33). It is undisputed that during the course of placing Latasha Billingsley in his vehicle Officer Kozeluh used OC (pepper) spray on several of the plaintiffs. (*Id.* ¶¶ 34–37). Trina Cole and Terrance Cole were subsequently arrested and charged with resisting/obstructing a peace officer. (*Id.* ¶ 40). Latasha Billingsley was arrested and charged with aggravated assault and resisting/obstructing a peace officer. (*Id.*). And Leticia

Cole-Thigpen was arrested and charged with domestic battery and resisting/obstructing a peace officer. (*Id.*).

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Discussion**

The defendants contend that Count II (false arrest) and Count IV (malicious prosecution) must be dismissed because the officers had probable cause to arrest the plaintiffs or, in the alternative, were protected by qualified immunity.

In order to prevail on their claims for false arrest under 42 U.S.C. § 1983, the plaintiffs must show that probable cause for their arrest was lacking. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007). The existence of probable cause is an absolute defense to any claim under section 1983 against police officers for wrongful arrest. *Id.* (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)). "Police officers possess probable cause to arrest when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Williams*, 509

3

F.3d at 398 (internal quotations and citations omitted). Probable cause is not evaluated by the Court based upon "the facts as an omniscient observer would perceive them," but instead is determined by the facts "as they would have appeared to a reasonable person in the position of the arresting officer." *Id.* (internal quotations and citations omitted).

In order to prevail on their claims of malicious prosecution under Illinois law, the plaintiffs must show (1) the commencement or continuing of criminal proceedings by the defendants; (2) the termination of that matter in favor of the plaintiff; (3) the absence of probable cause for the proceedings; (4) the presence of malice; and (5) resulting damages. *Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir. 2009) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242, 169 Ill.2d 504 (1996)).

> [A] malicious prosecution claim is treated differently from one for false arrest: whereas probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause, probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking.

*Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007).

The defendants assert that they are protected by qualified immunity. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To determine whether qualified immunity exists courts employ a two-step analysis asking (1) whether the plaintiff has asserted the violation of a federal constitutional right and (2) if such a violation did occur, whether the right was so clearly established at the time of the alleged violation that a reasonable officer would know that his actions were unconstitutional. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1013 (7th Cir. 2006). In false arrest cases such as this one, the question therefore

4

becomes whether a reasonable officer could have believed that they had probable cause to make an arrest. *Id.* This standard is thus alternatively known as "arguable probable cause."

The defendants contend that the undisputed facts establish that they had probable cause with respect to each plaintiff named in Count II and IV or, alternatively, that they are protected from the plaintiffs' false arrest claims by qualified immunity.

As an initial matter, this Court turns to the allegations of false arrest and malicious prosecution brought by Terrance and Trina Cole, both of whom were charged with resisting or obstructing a peace officer under 720 ILCS 5/31-1. It is well established that, under Illinois law, the crime of resisting or obstructing a peace officer requires physical resistance—mere argument does not suffice. *Payne v. Pauley,* 337 F.3d 767, 776 (7th Cir. 2003). Here, it is undisputed that both Terrance and Trina Cole were outside the house while Latasha was being arrested and placed in a police vehicle by Officer Kozeluh. It is hotly disputed, however, where they were in relation of Officer Kozeluh and Latasha, whether they interfered with Officer Kozeluh's attempts to arrest Latasha, whether Officer Kozeluh issued any orders to back up or disperse, and whether Terrance and Trina Cole complied with those orders if they were issued. Substantial material disputes of fact therefore remain as to the existence of probable cause, or even arguable probable cause, for Terrance and Trina Cole's arrest. Accordingly, this Court cannot grant summary judgment on Counts II or IV with respect to Terrance or Trina Cole. *Cf. DeFour-Dowell v. Cogger*, 152 F.3d 678, 680 (7th Cir. 1998) ("Raising a defense of qualified immunity in the face of disputed facts that control the answer to the question is a waste of everybody's time.").

With respect to Latasha Billingsley, the plaintiffs concede that there was probable cause for her arrest based on Leticia's 9-1-1 call stating that Latasha had brandished a knife. Accordingly, they concede that summary judgment should be entered against her on Count II (thus mooting the question of qualified immunity). The plaintiffs, however, contend that Latasha's malicious

5

prosecution claim remains viable because it is premised not on her assault charge but rather on her charge for resisting or obstructing a peace officer. Officer Kozeluh's complaint states that Latasha Billingsley "refused to separate from her sister/Leticia Cole during a domestic dispute." This charge is seemingly based on Latasha and Leticia's verbal argument in the kitchen prior to Latasha's arrest. This Court notes, however, that mere refusal to cooperate does not constitute the crime of resisting or obstructing a police officer. *Ryan v. County of DuPage*, 45 F.3d 1090, 1093 (7th Cir. 1995). Moreover, the parties dispute whether any such argument occurred, whether Officer Kozeluh gave any orders to Latasha and Leticia, and whether Latasha disregarded any orders that were given. Accordingly, the undisputed facts do not establish whether or not probable cause existed, and disputes of material fact therefore remain as to Latasha's Count IV claim for malicious prosecution.

Leticia Cole-Thigpen was arrested based on the offenses of resisting or obstructing a peace officer and domestic battery. The resisting or obstructing a peace officer charge is based on Leticia's refusal "to separate from her sister/Latasha Billingsley during a domestic dispute." The domestic battery charge is based on Leticia's having "snatched food from her sister [sic] hands and grabbed her sister [sic] arms, causing a fight to ensue between the two." As has been previously noted, disputes of material fact remain regarding what orders Officer Kozeluh gave during the kitchen incident and whether or not they were complied with. Accordingly, disputes of material fact remain with respect to Leticia's malicious prosecution claim, because that claim can be premised solely on the resisting or obstructing a police officer charge. With regards to the domestic battery charge, the evidence that the defendants have set forth does not indicate that Leticia grabbed Latasha's arms. Accordingly Officer Kozeluh's probable cause to arrest Leticia, if any, must be based on her having snatched a bag of food out of Latasha's hands.

A person commits domestic battery when she intentionally and knowingly and without legal justification makes physical contact of an insulting nature with any household or family member.

6

720 ILCS 5/12-3.2(a)(2). The plaintiffs assert that Leticia did not make physical contact with Latasha when she snatched the bag of cereal out of her hands. The defendants contend that even if this is true it is not fatal to probable cause because touching an object "intimately connected" to a person can constitute battery. *People v. Beifeld*, 171 Ill. App. 614, 615 (1912). A grocery bag held in a person's hand, however, would not normally constitute an object "intimately connected" to a person, and the undisputed facts in this case contain no evidence suggesting that such an intimate connection existed. *See* Restatement (Second) of Torts § 18 cmt. c (1965) (recognizing that battery can arise from contact with person's clothing, a cane, or other objects "so intimately connected with one's body as to be universally regarded as part of the person"). Accordingly, the undisputed facts do not establish that probable cause existed for Leticia's arrest.

The undisputed facts, however, do establish that the defendants are entitled to qualified immunity on Leticia's false arrest claim. In a false arrest case, an officer is entitled to qualified immunity when, if there is no probable cause, a "reasonable officer could have mistakenly believed that probable cause existed." *Humphrey v. Staszak,* 148 F.3d 719, 725 (7th Cir. 1998). Officer Kozeluh mistakenly concluded that a battery had occurred based on the fact that Leticia snatched a bag of cereal out of Latasha's hands. Although that conduct likely did not constitute a battery because the bag of cereal did not constitute a part of Latasha's person on the undisputed facts before this court, a reasonable officer could have mistakenly believed that probable cause existed. *Cf.* Restatement (Second) of Torts § 18 cmt. c (recognizing that "the line of distinction [between objects that can be the subject of battery and objects that cannot] is very difficult to draw"). Because Officer Kozeluh's mistake of law was not unreasonable, he is entitled to qualified immunity on Leticia Cole-Thigpen's false arrest claim. *See Pearson v. Callahan,* 555 U.S. at 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (*citing Groh v. Ramirez,* 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (Kennedy, J., dissenting)) ("The protection of qualified immunity applies regardless of

7

whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'"). The disputes of material fact regarding whether probable cause actually existed for either the domestic battery or resisting or obstructing a peace officer preclude this Court from granting summary judgment on Leticia's malicious prosecution claims.

**Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment is granted in part and denied in part. Summary judgment is granted with respect to Leticia Cole-Thigpen and Latasha Billingsley's claims under Count II of the indictment, but is denied in all other respects.

IT IS SO ORDERED.

Date: August 29, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge